**KINBOOK, LLC, Appellant**

v.

**MICROSOFT CORPORATION.**

No. 12–1488.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 7, 2013.

Opinion Filed Jan. 10, 2013.

Steven H. Doto, Esq., Schnader Harrison Segal & Lewis, Cherry Hill, NJ, Richard D. Gallucci, Jr., Esq., Lauletta Birnbaum, Turnersville, NJ, for Appellant.

William T. Hangley, Esq., Bonnie M. Hoffman, Esq., Hangley, Aronchick, Segal, Pudlin & Schiller, Philadelphia, PA, Floyd A. Mandell, Esq., Cathay Y.N. Smith,

**492**

Esq., Katten Muchin Rosenmann, Chicago, IL, for Microsoft Corporation.

Before: RENDELL, FISHER and JORDAN, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

This is a reverse trademark infringement case in which Kinbook, LLC ("Kinbook") alleges that Microsoft Corporation's ("Microsoft") trademarks "Kinect" (particularly when used in conjunction with its "XBox 360" mark) and "KIN" are confusingly similar to Kinbook's registered "Kinbox" and "Munchkinbox" trademarks. After considering the non-exhaustive list of factors enumerated in *Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460 (3d Cir.1983), as applied in reverse confusion cases, *see Freedom Card, Inc. v. J.P. Morgan Chase & Co.*, 432 F.3d 463, 472 (3d Cir.2005), the District Court concluded that no reasonable jury could find a likelihood of confusion between the parties' marks exists and therefore granted summary judgment in favor of Microsoft. Kinbook timely appealed. The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291.

We have carefully considered the appellate briefs of the parties and the record, including the detailed thirty-page memorandum of the District Court. We see no need to expand upon the District Court's thorough analysis and surely cannot improve upon its sound reasoning. Accordingly, for substantially the same reasons set forth by the District Court, we will affirm its judgment in favor of Microsoft.